NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3751-15T2

JEANETTE CARABELLO and
GUILLERMO CASTRO,

 Plaintiffs-Appellants,

v.

PATRICIA CARPENTER,

 Defendant-Respondent.

____________________________________________

 Argued May 9, 2017 – Decided September 5, 2017

 Before Judges Messano and Espinosa.

 On appeal from Superior Court of New Jersey,
 Law Division, Atlantic County, Docket No. L-
 1840-14.

 Jeff Sheppard argued the cause for appellant.

 Chad M. Moore argued the cause for respondent
 (Hoagland, Longo, Moran, Dunst & Doukas, LLP,
 attorneys; Mr. Moore, of counsel; Julio
 Navarro, on the brief).

PER CURIAM
 Plaintiff,1 who was bitten by a pit bull2 named "Bear," that

was residing in the home of defendant, appeals from an order

granting summary judgment to defendant. We reverse.

 We apply the same standard as the trial court in reviewing

motions for summary judgment. Steinberg v. Sahara Sam's Oasis,

LLC, 226 N.J. 344, 349 (2016). We consider the evidential

materials "in the light most favorable to the non-moving party,"

R. 4:46-2(c). If there is no genuine issue of material fact and

the moving party has demonstrated entitlement to judgment as a

matter of law, a grant of summary judgment is appropriate. Ibid.;

Bhagat v. Bhagat, 217 N.J. 22, 28 (2014).

 Plaintiff's complaint alleged that in January 2014, she was

bitten by "a dog owned by defendant." The complaint did not

explicitly allege a cause of action under the strict liability

statute, N.J.S.A. 4:19-16.3 Rather, the allegations supported a

1
 Guillermo Castro asserts a per quod claim. "Plaintiff" refers
to Jeanette Carabello.
2
 Defendant testified that the dog was a sixty-pound "Stafford
terrier." The American Staffordshire Terrier is one of several
breeds included within the description of a pit bull. Pit Bull
Rescue Central, Frequently Asked Questions,
http://www.pbrcinet/mg.html (last visited Aug. 28, 2017).
 3
 N.J.S.A. 4:19-16 imposes strict liability on the owner of
a dog without regard to whether the dog is known to have a vicious
propensity:

 2 A-3751-15T2
claim for common law negligence. The complaint alleged that the

dog was known to have vicious propensities and that plaintiff

suffered severe injuries that were "the direct and proximate result

of the negligence of the defendant." At her deposition, she stated

those injuries were to her upper thigh, where the dog bit her, and

her back. She stated she was out of work for two weeks following

the attack.

 According to plaintiff, Bear was one of three pit bulls that

Devon Carpenter brought with him when he moved back into his

grandmother's house on August 10, 2013. While she was having a

party that day, her best friend's one and one-half year old

daughter tried to pet Bear through a gap in the fence between the

two properties, and "the dog was just trying to get her." They

took the child away from the fence and placed a big table there

to keep the dogs at bay.

 The dogs "were always without a leash, running around the

neighborhood." In the summer of 2013, Plaintiff described another

 The owner of any dog which shall bite a person
 while such person is on or in a public place,
 or lawfully on or in a private place,
 including the property of the owner of the
 dog, shall be liable for such damages as may
 be suffered by the person bitten, regardless
 of the former viciousness of such dog or the
 owner's knowledge of such viciousness.

 3 A-3751-15T2
incident, when Bear came into her yard and jumped on her and "was

smelling [her] all over." She was frightened and "froze." Devon,

who was outside the front gate to plaintiff's house, called the

dog by name and Bear went back to him.

 On January 3, 2014, plaintiff and her husband came out of

their house to shovel snow. She saw Devon was outside with the

dogs, shoveling a neighbor's property. Before plaintiff went

outside their fence to shovel, she called out to Devon and asked

him to put his dogs away because she was coming out to shovel

snow. Plaintiff said Devon "looked at [her] and . . . just

laughed." When she saw Devon go to a house on the corner, she

felt it was safe to open the gate and walked to the driveway. As

she was shoveling, the dog "grabbed [her] on [her leg]." She

screamed that she was bitten and the dog let go of her. She called

911; the police responded and she was taken to the hospital by

ambulance. She was given a tetanus shot and antibiotics and

released. Plaintiff later saw a pain management doctor because

she continued to have pain in her leg and lower back.

 When asked what defendant "did wrong," plaintiff stated:

 That she kept those dogs, she allowed her
 grandson, because — to keep those dogs there
 knowing that they were vicious, because prior
 to my bite, those dogs had already killed
 another dog right from her yard through the
 fence a month before. . . . Because most of

 4 A-3751-15T2
 the time she's never home, but he was always
 there with the dogs.

 Plaintiff described an incident in December 2013 involving

"Vee," another one of the pit bulls, to support her assertion that

defendant knew the dog was vicious. She observed Vee attacking

the German Shepherd of an elderly couple "through the fence.

Grabbed the other dog right through the neck and killed the dog."

There had been a commotion as the lady screamed and the man was

trying, in vain, to hit the dog with a vacuum hose to get the pit

bull off his dog. Devon also tried to get Vee off the neighbor's

dog but was similarly unsuccessful. Plaintiff stated defendant

screamed at her grandson, "I told you that you need to get rid of

these dogs. . . . I'm tired of this, there's shit all over the

place, and you don’t take care of these dogs the right way; you

need to get rid of these dogs."

 Plaintiff testified that other people from the community

complained to Devon about the dogs "running around" and sometimes

"chasing people down the street" and told him the dogs should be

leashed. She stated Devon just laughed.

 No evidence was ever produced of a license or registration

for the pit bull that attacked plaintiff. Defendant maintained

she did not own the dog; the dog was owned by her grandson, who

was only staying temporarily with her. Defendant admitted at her

 5 A-3751-15T2
deposition that she fed the dogs and let them out to relieve

themselves on a regular basis.

 The trial judge found defendant was not an owner and that as

a "keeper" of the dog, she would have to know the dog had a vicious

propensity to be liable under common law negligence.

 In Pippin v. Fink, 350 N.J. Super. 270, 274 (App. Div. 2002),

we considered whether the life partner of a dog's owner was an

"owner" within the narrow definition of "owner" used under the

strict liability statute. As we noted, the definition in that

statute "serves a narrow[] purpose of eliminating scienter in a

civil action to impose strict liability in favor of a bite victim."

Id. at 273. In contrast, when a common law negligence claim is

asserted, "owner" is used interchangeably with a "harborer" or

"keeper" in determining "whether there was knowledge of a dog's

vicious propensit[ies] and a failure to control the animal." Ibid.

(citing DeRobertis by DeRobertis v. Randazzo, 94 N.J. 144, 151

(1983)).

 Here, it is essentially undisputed that Bear was Devon's dog

and therefore, the evidence must be viewed, with all reasonable

inferences drawn in plaintiff's favor, to determine whether

summary judgment was appropriate on her common law negligence

claim.

 6 A-3751-15T2
 The dogs resided at defendant's home for five months at the

time of the attack. Defendant cared for the dogs on a regular

basis when her grandson was not home. As plaintiff testified, the

dogs were regularly observed running through the neighborhood,

unleashed, and were known to chase neighbors down the street. It

is reasonable to infer that defendant had knowledge of these facts.

Based upon her reaction when Vee killed the neighbor's dog,

defendant was certainly aware her grandson failed to exercise a

reasonable degree of care and control for the dogs and found the

circumstances sufficiently unsatisfactory to order him to get rid

of the dogs.

 We conclude a question of material fact exists regarding

defendant's knowledge that the dog had vicious propensities.

Therefore, it was error to grant summary judgment to defendant.

 Reversed and remanded. We do not retain jurisdiction.

 7 A-3751-15T2